United States District Court
Southern District of Texas
FILED

DEC 3 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MADHAVAN PISHARODI, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-238 |
| | § | Jury Demanded |
| CARMEN ROCCO AND JIM GOZA, | § | |
| Defendants. | § | |

### PLAINTIFF MADHAVAN PISHARODI'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES MADHAVAN PISHARODI**, hereinafter called Plaintiff, complaining of and about **CARMEN ROCCO** and **JIM GOZA**, hereinafter called Defendants, and for cause of action shows unto the Court the following:

#### PARTIES AND SERVICE

1. Plaintiff Madhavan Pisharodi (hereinafter "Dr. Pisharodi") is a citizen of the United States and the State of TX and resides in Cameron County, TX.

2. Defendant Carmen Rocco (hereinafter "Rocco") is a citizen of the State of Texas. Said Defendant may be personally served with process at the following address: 95 E. Price Road, Building E, Suite A, Brownsville, Texas 78521.

3. Defendant Jim R. Goza (hereinafter "Goza") is a citizen of the State of Texas. Said Defendant may be personally served with process at the following address: 125 Fireside Drive, Brownsville, Texas 78521.

#### JURISDICTION

4. The action arises under RICO statutes and the pendant

jurisdiction in the State of Texas of causes arising in barratry and slander as hereinafter more fully appears.

5. This Court has jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

6. This action involves a pattern of activities for profit by Rocco and Goza of soliciting cases in which Rocco also served the expert witness. Plaintiff intends to show, herein, that such conduct constitutes barratry, a felony and therefore qualifies for civil remedies under the RICO racketeering statutes (18 U.S.C. § 1961 et seq.)

## FACTS

7. Plaintiff Dr. Pisharodi is a physician, duly licensed by the State of Texas and board certified in the practice of Neurosurgery. Dr. Pisharodi has practiced his specialty in the Brownsville, Texas area for approximately thirteen years.

8. Defendant Rocco is a pediatrician, also practicing in the Brownsville area.

9. Defendant Goza is a lawyer, practicing in the Brownsville area.

10. For years Rocco and Goza, husband and wife, have profited, that is derived income from a pattern of activity in which Rocco, with her access to patients, first with the Brownsville Community Health Center and later in private practice, would refer cases to her husband and then serve as expert witness

in the same cases. The activity of soliciting clients and then splitting fees with an expert witness constitutes barratry under the laws of the State of Texas, Texas Penal Code §38.12(d), a third degree felony. Many of these cases involved chemical exposures involving allegations of related birth defects. Others involved medical malpractice cases.

9. These activities became harmful to plaintiff, Dr. Pisharodi, when the racketeers, Rocco and Goza, became involved in soliciting and prosecuting a claim in which Dr. Pisharodi was treating a child in his service as a neurosurgeon. Dr. Pisharodi had been treating a child, Julio Cabello (hereinafter "Cabello), since birth until the boy's death at age 7-1/2 years.

10. On or about December 10, 1998, Cabello was under the pediatric care of Defendant Carmen Rocco. At the request of Rocco, Dr. Pisharodi was summoned to Brownsville Medical Center (hereinafter "BMC") for consultation on the condition of the young patient, Cabello.

11. Dr. Pisharodi attempted to stabilize a shunt, but was not satisfied that it was safe to move young Cabello. In order to make the move of Cabello to another hospital, Rocco misrepresented the status of the shunt to Driscoll Children's Hospital (hereinafter "Driscoll") and requested that the child be transferred to Driscoll Children's Hospital, a facility which had earlier declined Rocco's request for transfer because of the unstable shunt. This telephone conference was audio-taped by employees of Driscoll Children's Hospital and is demonstrably false. The child died after his

transfer to Driscoll.

12. After the child died, Rocco met with Cabello's parents. True to her pattern, she solicited the family to enter into a claim against Dr. Pisharodi, Driscoll and others. Her motives were first to divert attention from her own errors. More particularly, she was in a position to profit by referring this case to her husband, a lawyer named Jim Gosa, at which time Rocco falsely claimed that Pisharodi had requested the transfer to Driscoll. Rocco also made false accusations alleging to the family of the deceased child that Dr. Pisharodi failed to make himself available to treat Cabello.

14. Using these false accusations, Rocco urged Cabello's grieving parents to file suit against Dr. Pisharodi, falsely blaming Dr. Pisharodi for the child's death. Despite being the primary cause of young Cabello's death, Rocco also urged Cabello's parents to file suit against BMC, Driscoll, and others.

15. In the course of this litigation against Dr. Pisharodi, Rocco repeated her false statements, under oath, in the context of deposition testimony given September 15, 2000.

16. Goza did not make a substantive contribution to the litigation, but rather, referred it to Brownsville lawyer Ray Marchan for prosecution. During this representation, two overtures were made to Dr. Pisharodi to alter his testimony to inculpate other defendants in exchange for a dismissal of this case against him. The first offer was conveyed through Ray Marchan to Horacio Barrera in February of 2000. Marchan also offered to "keep Pisharodi out" of another suit he was planning to file. Later, a

physician named Dr. Zamora (hereinafter "Zamora") approached Dr. Pisharodi and conveyed an offer to dismiss this case against Dr. Pisharodi in exchange for testimony against other defendants which would inculpate those defendants. Dr. Pisharodi refused these offers.

17. Dr. Pisharodi has since been forced to expend thousands of dollars defending himself against the lawsuit incited by and based on the false accusations of Defendant Rocco. These expenses and hardships for Dr. Pisharodi continued until January 2002 when this case went to trial. Dr. Pisharodi was forced to prepare for a trial, in which before it was submitted to the jury, he was ultimately dismissed. Although Rocco did not ultimately testify, she was listed as a witness against Dr. Pisharodi. She did not testify because her testimony was compromised and was viewed as potentially harmful to the accusers. Ultimately, the claim was settled against some of the defendants and Rocco and Goza profited from the successful exercise of a joint illegal activity.

## CIVIL RICO IN VIOLATION OF 18 U.S.C. §1962

18. The facts described above constitute a violation of 18 U.S.C. §§1961, 1962 and 1964(Civil Rico). Carmen Rocco, Jim Goza, and others have engaged in a pattern of racketeering activity, to wit, Carmen Rocco, in her capacity as a doctor and expert witness, has solicited employment and accepted money to solicit employment by referring cases to her husband, serving as expert witness and benefitting by the settlements paid to her husband as referral fees in these cases. Her husband, Jim Goza,

then made no meaningful contribution to the cases, but rather, accepted a referral fee based on the referral.

### MALICIOUS CIVIL PROSECUTION BY CARMEN ROCCO

19. A civil proceeding against Dr. Pisharodi was instituted or continued by or at the insistence of Defendant Carmen Rocco. Defendant acted with malice and without probable cause in instituting the proceeding. The proceeding was terminated in Dr. Pisharodi's favor, and Plaintiff suffered damages or was injured as a result. Plaintiff suffered damages for which Plaintiff herein sues.

### MALICIOUS CIVIL PROSECUTION BY JIM GOZA

20. A civil proceeding against Plaintiff was instituted or continued by or at the insistence of Defendant Jim Goza. Defendant acted with malice and without probable cause in instituting the proceeding. The proceeding was terminated in Plaintiff's favor, and Plaintiff suffered damages or was injured as a result. Plaintiff suffered damages for which Plaintiff herein sues.

### DAMAGES

15. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    actual expenses resulting from legal costs and lost time to his business, damage to his reputation and emotional

distress, for which he prays for threefold recovery, and costs of suit including attorneys' fees in accordance with 18 U.S.C. §1964.

### PREVENT AND RESTRAIN VIOLATIONS OF 18 U.S.C. § 1962

16. Plaintiff Asks this court to order Rocco and Goza to desist from participating in enterprises related to the racketeering practices described above. In particular, plaintiff asks that defendants be restrained from the following activities:

1. Rocco shall not refer cases for prosecution as personal injury claims.

2. Goza shall not accept referrals from his wife, Rocco.

3. Goza shall not accept cases in which he acts primarily as a conduit and intends to refer the case without any meaningful involvement in the prosecution of the case.

4. Rocco shall not act as expert witness in personal injury cases either for pay or in cases in which she has a pecuniary interest.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Madhavan Pisharodi, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for a permanent injunction and, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court;

reasonable attorney's fees; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Ed Stapleton
Attorney-in-Charge
Texas Bar No. 19058400
Southern District Bar No:
306 North Highway 377, Suite D
Argyle, Texas   76226
Tel. (940)464-2500
Fax. (940)464-6050
Attorney for Plaintiff
Madhavan Pisharodi