United States District Court
Southern District of Texas
FILED

FEB 0 6 2003

Michael N. Milby
Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MADHAVEN PISHARODI, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. B-02-238 |
| | ) | |
| CARMEN ROCCO and | ) | |
| JIM GOZA, | ) | |
|     Defendants | ) | |

## ANSWER OF THE DEFENDANTS CARMEN ROCCO AND JIM GOZA TO THE PLAINTIFF MADHAVEN PISHARODI'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**CARMEN ROCCO AND JIM GOZA, DEFENDANTS,** file this joint answer

to the complaint of **MANDHAVEN PISHARODI, PLAINTIFF,** in the above entitled

action. The Defendants answer the complaint as follows:

I.

The Defendants deny each and every allegation set forth in Paragraphs 6, 10, 14,

15, and 18.

II.

The Defendants specifically deny that the plaintiff has been damaged as alleged in

Paragraphs 19, 20, and 15 (the second such numbered paragraph).

III.

The Defendants deny each and every allegation of Paragraph 9 (the second such

numbered paragraph) of the complaint except that Defendants admit that the plaintiff had

treated the child, Julio Cabello, on many occasions since his birth.

1

The defendants deny each and every allegation of Paragraph 11 of the complaint except that Defendants admit that the child died after he was transferred to Driscoll.

The Defendants deny each and every allegation of Paragraph 12 of the complaint except that the Defendants admit that after the child died, Carmen Rocco met with his parents.

## IV.

The Defendants deny each and every allegation of Paragraph 19 of the complaint except that the Defendants deny having sufficient knowledge as to whether the proceeding was terminated in the plaintiff's favor.

The Defendants deny each and every allegation of Paragraph 20 of the complaint except that the Defendants deny having sufficient knowledge as to whether the proceeding was terminated in the plaintiff's favor.

## V.

The Defendants deny having sufficient knowledge or information to form a belief as to the allegations in Paragraphs 1 and 7 of the complaint.

## VI.

The Defendants deny having sufficient knowledge or information to form a belief as to the allegations of Paragraph 16 of the complaint except that the Defendants deny that Jim Goza referred the litigation to Brownsville lawyer Ray Marchan.

The Defendants deny having sufficient knowledge or information to form a belief as to the allegations of Paragraph 17 except that the Defendants deny that Carmen

Rocco's testimony was compromised, and further deny that Carmen Rocco and Jim Goza engaged in or profited from any illegal activity.

## VII.

The Defendants admit the allegations of Paragraphs 2, 3, 8, 9, and 10 (the second such numbered paragraph).

## JURISDICTION

The plaintiff pled this action as a Civil RICO action under the provisions of Title 18 U.S.C. Sections 1961, 1962, and 1964. Section 1961 provides an exclusive list of offenses which qualify as "racketeering activity" under the provisions of Section 1962. Section 1961(1)(A) lists the state law violations which so qualify. The pertinent part reads:

...(1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year...

Barratry is not a listed offense.

There can be no violation of RICO absent racketeering activity. Not just any old offense will do. It is well settled law that a state crime not listed in the definition of "racketeering activity", will not support a Civil RICO claim. *Manion v. Freund, 967 F2nd 1183, 1186 (8ᵗʰ Cir. 1993)*. In that case, the plaintiff had alleged breech of fiduciary duty as a state law RICO predicate. The Court held that the Civil RICO claim could not be supported since breech of fiduciary duty is not on the list of specified state crimes listed in Section 1961(1).

Similarly, plaintiff's allegation of barratry under Texas state law cannot support a RICO claim since it is not a state crime listed in the definition of racketeering activity under Section 1961(1)(A). Plaintiff has not alleged any federal law violation which could be used as the basis of any allegation of racketeering activity. Since the plaintiff has failed to state a claim upon which relief can be granted, and thus has failed to properly invoke the jurisdiction of the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), his claim should be dismissed.

Plaintiff cannot rely on the pendant jurisdiction of the Court under Title 28 U.S.C. Section 1367(a) in pursuing the state causes arising in barratry and slander since no Civil RICO cause of action has been properly alleged.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** the Defendants, Carmen Rocco and Jim Goza, respectfully request:

1. That the Court enter judgment dismissing the complaint;

2. That the Defendants be awarded costs incurred, to include reasonable attorney's fees; and

3. That the Defendants be awarded such other and further relief as the Court may deem just.

Respectfully submitted,

By: _____
Mervyn M. Mosbacker, Jr
State Bar No. 14564800
Southern District of Texas No. 10494
2777 Allen Parkway, Suite 1000
Houston, Texas 77019

Telephone: (713) 529-4200
Facsimile: (713) 529-4211
Attorney for Defendants
Carmen Rocco
Jim Goza

Dated <u>February 5, 2003</u>.


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this the Answer of the Defendants Carmen Rocco and Jim Goza has been sent by mail to Attorney for the plaintiff Ed Stapleton, 306 North Highway 377, Suite D, Argyle ,Texas 76226 on this the 6th day of February, 2003.


Mervyn M. Mosbacker, Jr

5