UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 1 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MADHAVEN PISHARODI,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) CIVIL ACTION NO. B-02-238<br>) |
| CARMEN ROCCO and<br>JIM GOZA,<br>    Defendants | )<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

**TO THE HONORABLE JUDGE OF SAID COURT:**

The Plaintiff alleges a violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), Title 18 U.S.C Sections 1961 et seq. as the basis for the jurisdiction of the Court in his Complaint. This lawsuit should be dismissed for failure to state a claim for which relief can be granted.

I.

The Plaintiff pled this action as a civil RICO action under the provisions of Title 18 U.S.C. Section 1961 et seq. Section 1962 specifies the prohibited activities which, coupled with engaging in a pattern of racketeering activity, constitute criminal violations of the RICO statute. Section 1961 provides an exclusive list of offenses which qualify as "racketeering activity". Section 1961(1)(A) lists the State law offenses that qualify as "racketeering activity" and Section 1961(1)(B) lists the federal offenses that so qualify.

Section 1964 provides for a civil cause of action to persons injured by reason of a violation of Section 1962.

The law is clear that in order to plead a civil RICO violation, a predicate offense listed in Section 1961(1) must be pled. In the concurring opinion in *Holmes v. Security Investor Protection Corporation,* 503 U.S. 258, 283(1992), Justice O'Connor observed, "Section 1961(1)'s list of racketeering offenses provides the RICO predicates for both criminal prosecutions and civil actions." In the seminal civil Rico case of *Sedima v. Imrex,* 473 U.S. 479, 495 (1985), the Court defined racketeering activity as follows: "...racketeering activity consists of no more and no less than the commission of a predicate act, Section 1961(1)..."

In *Sedima,* at 496, the Court also set out the elements that must be included in order to state a claim in a civil Rico case for a violation of Section 1962(c)[1].

> A violation of Section 1962(c), the section on which Sedima relies, requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The Plaintiff must, of course, allege each of these elements to state a claim.

In the Complaint, the Plaintiff claims that the Defendants engaged in acts amounting to barratry, a state law offense in Texas. More specifically, the allegation is that the Defendants violated Texas Penal Code Section 38.12(d), committing barratry under the law of the state of Texas by "soliciting clients and then splitting fees with an expert witness" (Plaintiff's Original Complaint, page 3). The Plaintiff characterizes these alleged violations as a pattern of racketeering activity in violation of RICO.

---

[1] Although Plaintiff has not clearly alleged what part of Section 1962 was purportedly violated, parts (a), (b), (c), and (d) would all require the allegation and proof of engaging in a pattern of racketeering activity.

2

Since the Plaintiff has alleged a state law violation, barratry, as the underlying "racketeering activity" in his Complaint, then Section 1961(1)(A) applies, relating to state law violations which qualify as racketeering activity. Section 1961(1)(A) states:

> ...(1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year...

A.

Any offense listed chargeable under State law must be punishable by imprisonment for more than one year. The Plaintiff has alleged a violation of Texas Penal Code, Section 38.12(d). A violation of Section 38.12(d), Texas Penal Code is a Class A misdemeanor (Texas Penal Code, Section 38.12 (g)). In the State of Texas, a Class A misdemeanor is punishable by confinement in jail by a term not to exceed one year (Texas Penal Code, Section 12.21(2)). Only if it can be shown on the trial of the case that a defendant had been previously convicted under Section 38.12(d), would a violation qualify as a third degree felony in Texas.

The Plaintiff failed to allege in the Complaint that the Defendants have previously been convicted of a violation of Texas Penal Code, Section 38.12(d), and for good reason: because they have not been so convicted (see attached sworn affidavits of Defendants Carmen Rocco and Jim Goza). For that reason, the violation of Section 38.12(d) does not qualify as an offense "chargeable under State law and punishable by imprisonment for more than one year." The Complaint, therefore, fails to allege a racketeering act under Section 1961(1)(A), since the violation alleged is a misdemeanor offense. *General Cigar Company, Inc. v. CR Carriers, Inc*, 948 F. Supp. 1040, 1044

3

(MD Alabama 1996) (Alabama "coercion" violation failed as a predicate act for RICO because it was a misdemeanor offense with a punishment of not more than one year). See *United States v. Davis*, 576 F 2d 1065, 1067 (3rd Cir. 1978) (RICO predicates meant to be limited to serious offenses). With no qualifying racketeering act alleged, there can be no pattern of racketeering activity, no Section 1962 violation, and thus no jurisdiction under Section 1964 governing civil RICO.

### B.

Plaintiff's allegation of barratry as racketeering activity also fails because barratry is not listed as a predicate offense in Section 1961(1)(A). The State law offenses listed in 1961(1)(A) are acts or threats involving "...murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law...". Barratry is not on the list, nor does it share the elements of any of the common law offenses on the list.

With no racketeering activity alleged, there can be no RICO violation under Section 1962, and therefore no civil RICO action under Section 1964. Not just any old offense will do. It is well settled law that a state crime not listed in the definition of "racketeering activity", will not support a civil RICO claim. *Manion v. Freund*, 967 F2nd 1183, 1186 (8th Cir. 1993). In *Manion*, the plaintiff had alleged breach of fiduciary duty as a state law RICO predicate. The Court held that the civil RICO claim could not be supported since breach of fiduciary duty is not on the list of specified state crimes listed in Section 1961(1)). See *Harvey v. Harvey*, 931 F. Supp. 127, 130 (D. Conn.

4

1996); *Canady v. Providence Hospital*, 903 F. Supp. 125, 127 (DC 1995); *Park South Associates v. Fischbein*, 626 F. Supp. 1108, 1114 (SDNY 1986).

In *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2nd Cir. 1990), the court stated:

> Congress did not deploy RICO as an instrument against all unlawful acts. It targeted only predicate acts catalogued under Section 1961(1). Admittedly, RICO is to be read broadly to effect its purpose. See *Sedima, 473 U.S. at 497, 105 S.Ct. at 3285*. Its purpose, however, is to target RICO activities, not other conduct.

*Hecht* addressed the question of whether Section 1964(c) civil RICO standing for a Section 1962(d), a RICO conspiracy, violation can be premised on injury proximately caused by overt acts that are not Section 1961(1) predicate acts, committed in furtherance of a conspiracy to violate RICO. The court in *Hecht* held that there can be no standing for a civil Rico conspiracy action when the overt acts causing the injury are not Section 1961(1) predicate acts. *Hecht*, at 25. The Supreme Court definitively addressed this question, which had split the circuit courts[2], in *Beck v. Prupis*, 529 U.S. 494, 120 S.Ct. 1608 (2000). The court held, "...a person may not bring suit under Section 1964(c) predicated on a violation of Section 1962(d) for injuries caused by an overt act that is not an act of racketeering or otherwise unlawful under the statute." *Beck* at 507.

Most recently in *Scheidler v. National Organization for Women, Inc.*, 537 U.S. ___, No. 01-1118 (2003), the Supreme Court further indicated that criminal predicate acts for RICO will be strictly construed. In *Scheidler*, the National Organization for Women, Inc. filed a class action lawsuit alleging that individuals and organizations that oppose legal abortion violated RICO, 18 U.S.C. Sections 1962(a), (c), and (d) by engaging in a

---

[2] The Fifth Circuit in *Khurana v. Innovative Health Care Systems, Inc.*, 130 F.3d 143, 153 (5th Cir. 1997) held that the overt act causing a Section 1964(c) injury need not be a Section 1961(1) predicate act.

5

nationwide conspiracy to shut down abortion clinics through a pattern of racketeering activity that included acts of extortion in violation of state laws and in violation of the Hobbs Act, 18 U.S.C. Section 1951. The jury found that the individuals and organizations violated civil RICO provisions through the alleged pattern of racketeering activity, and awarded damages. The Supreme Court reversed, finding that the complained of activity did not meet the elements of extortion either under state law or under the Hobbs Act. *Scheidler*, slip opinion at 16.

In its discussion, the Court observed that the Hobbs Act defines extortion as "the obtaining of property from another, with his consent, induced by the wrongful use of actual or threatened force, violence, or fear, under color of official right." *Scheidler*, slip opinion at 4. The Court also found that extortion chargeable under state law must be capable of being generically classified as extortionate and that such "generic" extortion required "obtaining something of value from another with his consent induced by the wrongful use of force, threats, or fear." *Scheidler*, slip opinion at 15. Because the individuals and organizations opposing abortion did not obtain or attempt to obtain property, the Court held that they did not commit or attempt to commit extortion, under either state law or the Hobbs Act, and thus there were no predicate acts supporting the finding of a RICO violation. *Scheidler*, slip opinion at 16.

In its discussion of the alleged Hobbs act violation, the Court observed that Congress had declined to list the crime of coercion[3], a lesser offense than the crime of extortion, as a predicate act in Section 1961(1), and found that this omission by Congress precluded using the crime of coercion as a predicate act in RICO. *Scheidler*, slip opinion

---

[3] Coercion involves the use of force or threat of force to restrict another's freedom of action. The crime of extortion has the additional requirement that property must be obtained or must be attempted to be obtained. The crime of coercion has no such requirement.

6

at 12, 13, 14. This finding by the Court certainly indicates that even a closely related crime will not suffice as a predicate RICO act, and that the phrase in section 1961(1)(A) "...any act or threat involving..." a listed offense, does not expand RICO predicate acts to related offenses that were not listed by Congress.

Plaintiff's allegation of barratry under Texas state law cannot support a RICO claim since it is not a state crime listed in the definition of racketeering activity under Section 1961(1)(A). Barratry is not closely related to any of the crimes listed in Section 1961(1)(A); certainly not as closely related as the crime of coercion is to crime of extortion, and thus could not qualify as a predicate act under the phrase "...any act or threat involving...".

Plaintiff has not alleged any federal law violation under Section 1961(1)(B) which could be used as the basis for any allegation of racketeering activity. Since the plaintiff has failed to state a claim upon which relief can be granted, and thus has failed to properly invoke the jurisdiction of the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), his claim should be dismissed.

II.

Since the Plaintiff's federal cause of action should be dismissed, the Court should not exercise pendant jurisdiction over the Plaintiff's state law claims of barratry and slander.

Respectfully submitted,

By: _____
Mervyn M. Mosbacker, Jr

                                                State Bar No. 14564800
                                                Southern District of Texas No. 10494
                                                2777 Allen Parkway, Suite 1000
                                                Houston, Texas 77019
                                                Telephone: (713) 529-4200
                                                Facsimile: (713) 529-4211
                                                Attorney for Defendants
                                                Carmen Rocco
                                                Jim Goza

Dated <u>March 18, 2003</u>.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this the Motion to Dismiss for Failure to State a Claim Under RICO has been sent by mail to Attorney for the Plaintiff, Ed Stapleton, 306 North Highway 377, Suite D, Argyle ,Texas 76226 on this the 18th day of March, 2003.

                                                     Mervyn M. Mosbacker, Jr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MADHAVEN PISHARODI,<br>    Plaintiff,<br><br>vs.<br><br>CARMEN ROCCO and<br>JIM GOZA,<br>    Defendants | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. B-02-238<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF CARMEN ROCCO IN SUPPORT OF
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER THE
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

**BEFORE ME**, the undersigned authority, on this day personally appeared Carmen Rocco, who swore on oath that the following facts are true:

"My name is Carmen Rocco. I am over 18 years of age, of sound mind, and fully competent to make this affidavit. I am personally acquainted with the facts herein and they are all true and correct.

"I have never been convicted of the offense of Barratry under Texas Penal Code, Section 38.12(d)."

**SIGNED** on March 21st, 2003.

_____
Affiant

This Affidavit was signed under oath before me on the 21 of March, 2003, by the affiant, in Brownsville, Texas.

_____
Notary Public, State of Texas



BEULAH MENDEZ RAMIREZ
Notary Public, State of Texas
My Commission Expires
04-21-2005