UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 2 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MADHAVEN PISHARODI, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. B-02-238 |
| § | |
| CARMEN ROCCO and § | |
| JIM GOZA, § | |
| Defendants § | |

### RESPONSE TO PLAINTIFF'S REPLY TO RULE 12(b)(6) MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE JUDGE OF SAID COURT:

**CARMEN ROCCO AND JIM GOZA, DEFENDANTS,** file this Response to Plaintiff's Reply to Rule 12(b)(6) Motion to Dismiss and would respectfully submit the following:

I.

A. *Plaintiff is "inclined to agree" there is no claim under barratry.*

The Plaintiff in his Reply as much as admits that a "barratry claim may not serve as a proper predicate to RICO" (Plaintiff's Reply, p. 6), yet contends that other possible felonies, which were not pled in the Original Complaint in this case, might fit. The fact is that those "potential felonies", as the Plaintiff characterizes them, were not pled, and the Plaintiff has wholly failed to state a claim upon which relief can be granted and failed to

1

establish federal jurisdiction. Plaintiff is basically on a fishing expedition for a possible predicate offense to RICO since he failed to plead one that would qualify.

Even assuming the facts that were alleged in the Original Complaint are true, there is no federal cause of action. The basis for the Plaintiff's claim is a violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), Title 18 U.S.C Sections 1961 et seq. Any violation of Section 1962, under subsections (a), (b), (c), or (d) requires the proof of a "pattern of racketeering activity" or proof of a conspiracy to engage in such a pattern. See *Sedima v. Imrex,* 473 U.S. 479, 496 (1985). Section 1961(1)(A) lists the state law offenses that qualify as predicate offenses that can be used to establish a pattern of racketeering activity, and they are limited to "...murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical...". As was discussed at some length in the Defendants' Memorandum in Support of Motion to Dismiss for Failure to State a Claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) (pages 4 to 7), barratry is not on the list and therefore does not qualify as a predicate offense. Neither would conspiracy to commit barratry so qualify.

B. *Looking for jurisdiction in all the wrong places.*

Although Plaintiff pretty well admits this, he attempts to save his claim by pointing to other Texas state law offenses as "potential felonies", which he failed to allege in his Complaint, but that he feels may qualify as predicate acts. These include "...fraud, §§32.01, money laundering, §32.04, tampering with a witness, §36.05, and perjury, §37.02" (Plaintiff's Reply, p. 6). None of these are listed as a predicate offense

2

Finally, under §§1341 and 1343, the Plaintiff failed to allege in the Complaint any use of the mails or of any communications in interstate or foreign commerce in furtherance of any offense. In fact, there is no allegation in the Complaint of a scheme or artifice to defraud as required by these sections.

## II.

The long and the short of it is that Plaintiff has failed to allege a violation of RICO in his Complaint. Civil RICO is the only basis for federal jurisdiction alleged by the Plaintiff in his Complaint. The only basis for a civil RICO claim stated by Plaintiff in the Complaint is the state law offense of barratry, which does not qualify as a RICO predicate. There is no other basis for federal jurisdiction stated in the Complaint.

What Plaintiff is attempting to do at this juncture is to ask the Court to allow him to dig around, improperly using the discovery process, to see if he can come up with a theory that will give the Court jurisdiction. That is not the purpose of the discovery process and it would be unfair to the Defendants to burden them with the costs of going through the discovery process when there is no federal cause of action stated in the Plaintiff's Complaint.

Under Federal Rule of Civil Procedure 12(c), the Court can exclude the affidavits of Carmen Rocco and Jim Goza filed in support of Defendants' Motion to Dismiss for Failure to State a Claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), and issue a judgment based upon the pleadings. Based on the complete failure of the Plaintiff to plead any theory or facts which support federal jurisdiction, the

Defendants respectfully request that the Court issue a judgment based upon the pleadings and enter an order dismissing this case with prejudice.

Respectfully submitted,

By: _____
Mervyn M. Mosbacker, Jr
State Bar No. 14564800
Southern District of Texas No. 10494
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
Telephone: (713) 529-4200
Facsimile: (713) 529-4211
Attorney for Defendants
Carmen Rocco
Jim Goza

Dated: March 31, 2003.

5

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this the Motion to Dismiss for Failure to State a Claim Under RICO has been sent by mail to Attorney for the Plaintiff, Ed Stapleton, 306 North Highway 377, Suite D, Argyle, Texas 76226 on this the 31st day of March, 2003.

                                              Mervyn M. Mosbacker, Jr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MADHAVEN PISHARODI,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-238 |
| | § | |
| **CARMEN ROCCO and** | § | |
| **JIM GOZA,** | § | |
| Defendants | § | |

## ORDER

ON THIS the ___ day of _____, 2003, the Court considered Defendants' Motion for Judgment on the Pleadings.

Having considered the Motion and the arguments of the parties, the Court is of the opinion the Motion should be **GRANTED**.

Therefore **IT IS HEREBY ORDERED** that this cause of action be **DISMISSED, WITH PREJUDICE**. All costs incurred by the Defendants, including reasonable attorney's fees, shall be paid to the Defendants by the Plaintiff.

**SIGNED FOR ENTRY** on this the ___ day of _____, 2003 in Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS