IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MADHAVAN PISHARODI, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-238 |
| | § | Jury Demanded |
| CARMEN ROCCO AND JIM GOZA, | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
FILED

APR 1 0 2003

Michael N. Milby
Clerk of Court

## PLAINTIFF, MADHAVAN PISHARODI'S, REPLY TO RULE 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES MADHAVAN PISHARODI**, hereinafter "plaintiff" or "Dr. Pisharodi," and makes this reply to the Motion to Dismiss of Defendants Rocco and Goza, hereinafter "defendants." In support thereof, Dr. Pisharodi would show as follows:

**I. Rule 12 (b)(6) permits dismissal only if "no set of facts" would support the claim for relief.**

1. Dr. Pisharodi opposes the Motion to Dismiss of the defendants and asks that it be denied. If the Court should find that the pleading is in any way inadequate, plaintiff requests an opportunity to amend.

2. Defendants bring this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "failure to state a claim upon which relief can be granted." "A motion to dismiss under FRCP 12(b)(6) is not appropriate unless the plaintiff's pleadings on their face show, beyond doubt, that the plaintiff cannot prove

M Pisharodi Reply to Motion to Dismiss      1

any set of facts that would entitled it to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957); <u>Garrett v. Commonwealth Mortgage Company</u>, 938 F.2d 591, 594 (5th Cir. 1991). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974). Dr. Pisharodi is entitled to reply to this motion to dismiss based on whether there are "any sets of facts" under these pleadings that would entitle him to relief.

II. **Attachment of affidavits to a Rule 12(b)(6) motion is not appropriate.**

3. Defendants attach affidavits in support of the Motion to Dismiss under Rule 12(b)(6). We urge that no evidence extraneous to the complaint should be considered at this stage, because to do so would convert this motion to a motion for summary judgment under Rule 56 and require different procedural measures. Rule

12(b)(6) requires that "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and an not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Plaintiff anticipates a Motion for Summary Judgment may well be filed in this matter, but urges the appropriate time would be after discovery has been conducted so that deposition testimony can be reviewed. Much information is presently solely within the possession of the defendants and will be relevant to the issue of whether a claim has been properly alleged invoking federal jurisdiction. At this stage, only the complaint of plaintiff should be considered and all of the facts stated in this complaint should be accepted as true. <u>Crow v. Henry,</u> 43 F3d 198, 203 (5th Cir.1995)(hereinafter <u>Crow</u>). We ask that the affidavits attached to Defendant's Motion to Dismiss not be considered.

### III. Are there any set of facts in the Complaint that would entitled Dr. Pisharodi to relief?

4. Dr. Pisharodi, in paragraphs ten through nineteen, alleges a series of acts that would constitute criminal offenses both in the federal and state courts. No doubt, discovery of what is

known to defendants will allow plaintiff to expand these allegations and facts. Also there is little doubt that the use of the mails and telephone will be established by discovery. Moreover, we hope the activities of other persons listed in the complaint will be developed through discovery. Part of the nature of a RICO conspiracy is that the acts are not performed in the light of day. The rule here, as stated above, is not whether we will ultimately prevail, but whether we should be allow to present evidence to support our claims. Moreover, it must be beyond doubt that we can prove "no set of facts" to support this claim.

5. Defendants urge that it must be proved that *they* committed the predicate acts underlying the RICO claim and therefore attempt to raise facts by affidavit claiming they have committed no such acts. In fact, under 18 U.S.C. Section 1962, it is enough to prove merely an association or a conspiracy with others who have committed these acts. The <u>Crow</u> case, cited above, discusses the distinction between a "RICO person" and a "RICO enterprise." <u>Id.</u>, at 204-205. This is not to say that defendants did not commit predicate acts; most likely they have. However, even being part of the enterprise with those who have will constitute Civil RICO. "Reduced to their simplest terms, these subsections state that:

   (a) a person who has received income from a pattern
       of racketeering activity cannot invest that

       income in an enterprise;

(b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity;

(c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and

(d) a person cannot conspire to violate subsections (a), (b), or (c)." Id., at 204.

Defendants, we would hope, in the course of discovery will divulge the financial relationships with other persons named in the Complaint, or still unknown to us. If they returned the money to the enterprise, if they maintained an enterprise, they have committed RICO violations, even if they were not the ones who committed the predicate acts. Under section (d), the conspiracy to further the enterprise would be complete, we urge, even if the overt acts furthering the enterprise do not involve the predicate criminal activities. Under the standards of any "set of facts" that would state a claim, Dr. Pisharodi has a long way to go before he fails.

### IV. The Complaint describes many actions which would constitute predicate criminal acts for a Civil RICO claim.

6. Potential predicate acts from the laundry list which would support a Civil RICO claim under the facts alleged in the

Complaint include 18 U.S.C. Section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), and section 1512 (relating to tampering with a witness, victim, or an informant).

7. Defendants further urge that only a predicate felony can sustain a finding of a RICO violation. They urge that because barratry is not a felony, there is no RICO violation. I am inclined to agree (though not yet concede) that a barratry claim may not serve as a proper predicate to a Civil RICO claim. However, the reasoning used by the defendants that barratry is precluded because it is not a felony does not hold, because a first offense of barratry may, in fact, be an offense under Texas Penal Code § 38.12 (a) or (b). Other potential felonies ~~include~~ in Texas include fraud, § 32.01, money laundering, §34.02, tampering with witnesses, §36.05, and perjury, §37.02. Potential federal felonies include under Title 18, blackmail and extortion, §§873, et. seq., obstruction of justice, §§1503, et. seq., and money laundering, §§1956, 1957. Defendants, before trial, are right to insist on specificity of the predicate acts being alleged as against the acts which can be proved against various persons. Under a Rule 12 (b)(6) motion however, we need only state a claim. This has been done.

**V. Conclusion.**

The facts as stated and the law as alleged in the Complaint state a claim of conduct by defendants that should be remedied in the deeper waters provided by a federal court. Perhaps the

Complaint should be amended now and, most likely, as the facts are divulged by the defendants as to why they have engaged in this conduct, there will be plenty of material to add flesh to these bones and we will want to amend. We ask this Court to deny the Motion to Dismiss and additionally, permit an amendment to the Complaint further along in the discovery process to describe the law more fully as set forth in this Reply. If, at a future time, the facts we have developed do not establish a federal question, a motion for summary judgment will still be available to defendants and then affidavits may be properly attached to support the claim.

Wherefore, premises considered, Dr. Pisharodi asks that this Motion to Dismiss be denied and leave be granted to amend the Complaint after the completion of further discovery. Alternatively, Dr. Pisharodi asks leave to amend the Complaint at this time to cure any complaints this Court believes to have been correctly urged by defendants' Motion to Dismiss.

Respectfully submitted,

By: /s/ Ed Stapleton
Ed Stapleton
Attorney-in-Charge
Texas Bar No. 19058400
Southern District Bar No:
306 North Highway 377, Suite D
Argyle, Texas 76226
Tel. (940)464-2500
Fax. (940)464-6050
Attorney for Plaintiff
Madhavan Pisharodi

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff's Reply to the Motion to Dismiss was served on Mervyn M. Mossbacker, Jr., 1000 Riviana Building, 2777 Allen Parkway, Houston, Texas 77019, by first class mail and by fax to (713) 529-4211 on the 21st day of March, 2003.

/s/ Ed Stapleton
Ed Stapleton

# ED STAPLETON
LAWYER

306 NORTH HIGHWAY 377, Suite D
ARGYLE, TEXAS 76226
(940) 464-3375 · FAX (940) 464-6050

## FACISMILE TRANSMITTAL SHEET

TO:  The Honorable John Black

Attn: Nicole

FAX #: (956) 548-2792

DATE: 03/21/03     pages, including this sheet: 9

COMMENTS:  RE: *Pisharodi vs. Rocco, et al.*; Civil Action No. B-02-238

PLANTIFF'S REPLY TO RULE 12 (b) (6) MOTION TO DISMISS

CONFIDENTIALITY NOTICE; The documents accompanying this telecopy transmission contain confidential information that is legally privileged. The information is intended only for the use of the recipient named above. If you have received this copy in error, please immediately notify us by telephone (by collect call, if long distance) at the telephone number listed above to arrange for return of the original documents to us. You are hereby notified that any disclosure, copying or the taking of any action in reliance on the contents of this telecopy is strictly prohibited

**HP OfficeJet G Series G85**  
**Personal Printer/Fax/Copier/Scanner**

**Fax-History Report** for  
Ed Stapleton  
9404642500  
Mar 21 2002 11:46am

## Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| Mar 21 | 11:43am | Sent | 19565482792 | 2:52 | 9 | OK |

Result:
  OK - black and white fax
  Okay color - color fax

# ED STAPLETON
LAWYER

306 NORTH HIGHWAY 377, Suite D
ARGYLE, TEXAS 76226
(940) 464-3375 · FAX (940) 464-6050

## FACISMILE TRANSMITTAL SHEET

TO: Mervyn M. Mossbacker

FAX #: (713) 529-4211

DATE: March 21, 2003    pages, including this sheet: 9

COMMENTS: RE: *Pisharodi vs. Rocco, et al.*; Civil Action No. B-02-238

## PLAINTIFF'S REPLY TO RULE 12 (b) (6) MOTION TO DISMISS

CONFIDENTIALITY NOTICE; The documents accompanying this telecopy transmission contain confidential information that is legally privileged. The information is intended only for the use of the recipient named above. If you have received this copy in error, please immediately notify us by telephone (by collect call, if long distance) at the telephone number listed above to arrange for return of the original documents to us. You are hereby notified that any disclosure, copying or the taking of any action in reliance on the contents of this telecopy is strictly prohibited

**HP OfficeJet G Series G85**
Personal Printer/Fax/Copier/Scanner

Fax History Report for
Ed Stapleton
9404642500
Mar 21 2002 9:56am

## Last Fax

| Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| Mar 21 | 9:53am | Sent | 17135294211 | 2:52 | 9 | OK |

Result:
  OK - black and white fax
  Okay color - color fax